**KERSHNER, Royce, Ryan, Bernard, on their own behalf and on behalf of others similarly situated, Appellants,**

v.

**MAZURKIEWICZ, J. F., Superintendent; Gerber, Gary R., Librarian, SCI at Rockview, Bellefonte, Pa., Appellees.**

No. 81–1042.

United States Court of Appeals, Third Circuit.

Argued May 19, 1981.

Reargued Nov. 23, 1981.

Decided Feb. 1, 1982.

Richard G. Fishman (argued), Keystone Legal Services, Inc., State College, Pa., for appellants.

Gregory R. Neuhauser (argued), Francis R. Filipi, Deputy Attys. Gen., Leroy S. Zimmerman, Atty. Gen., Harrisburg, Pa., for appellees.

Argued May 19, 1981.

Before ADAMS, ROSENN and HIGGINBOTHAM, Circuit Judges.

Reargued In Banc Nov. 23, 1981.

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.

### OPINION OF THE COURT

ADAMS, Circuit Judge.

On January 30, 1980, appellants Royce Kerchner[1] and Bernard Ryan, inmates at the State Correctional Institution at Rockview [Rockview] filed a class action civil rights complaint under 42 U.S.C. § 1983 seeking preliminary and final injunctive relief against two prison officials. Appellants contended that defendants were required by the sixth and fourteenth amendments to provide indigent inmates with free legal

---

1. Kerchner's name was docketed as Kershner, but except for the caption we will use the correct spelling of his name in this opinion.

See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 555 n*, 100 S.Ct. 790, 790–91 n*, 63 L.Ed.2d 22 (1980).

supplies including pads, pens, pencils, photocopying, and postage. Three issues are presented for consideration: first, whether the district court erred when it denied the inmates' motion for a preliminary injunction; second, whether this Court has appellate jurisdiction to review at this time the district court's denial of class certification; and finally, assuming there is jurisdiction over the denial of class certification, whether the trial court abused its discretion in denying class certification. We believe that the district court did not err in denying the motion for preliminary injunctive relief, and affirm the judgment of the district court in this regard. Because we conclude, however, that the order denying class certification is not now appealable, we do not reach the merits of the third issue.

## I.

Kerchner and Ryan brought suit against Dr. J. F. Mazurkiewicz, the Superintendent of Rockview, and Gary R. Gerber, the Librarian at Rockview, for their alleged refusal to provide without cost certain legal supplies and documents both to the named plaintiffs and to other allegedly indigent inmates. In this respect, Pennsylvania law provides that: "Adequate legal size paper shall be available in institution commissaries for purchase by inmates." 37 Pa.Code § 93.2(a). The inmate handbook for Rockview further provides:

### LEGAL MATERIAL AND NOTARY PUBLIC

1. You may purchase any legal material you believe to be valuable to you in seeking legal remedies. The amount permitted in your cell at any one time may be limited depending on individual circumstances.

2. Some legal materials are available at the institutional library for your use.

3. The institution will provide notary service for documents requiring notarization. A request slip should be directed to the Records Office in the institution for Notary Public Services.

Appendix at 37.

As a result of the operation of the above policy, Kerchner complains that he has been "forced . . . to pay for legal supplies and materials in seeking . . . legal remedies . . . despite his indigency and [has been] placed . . . in the position of either foregoing these supplies and materials in the pursuit of legal remedies or giving up the few amenities available in prison life." ¶ 16, Plaintiffs' Complaint, Appendix at 10.

Kerchner earns $35.00 per month from his institutional job. During his incarceration Kerchner has had less than $60.00 in his institutional account at any one time; his average balance through January 2, 1980 was approximately $21.72. Ryan's average balance was $12.00; on January 2, 1980, he had $25.85 in his institutional account. Appendix at 19–23.

## II.

At the outset it must be stressed that the appellants did not establish that there was any instance in which they were unable to pursue any legal action because of the cost of legal supplies and photocopying. Rather, they assert that in being required to use their own limited funds they have been or will be deprived of certain unspecified amenities. The first issue before us, then, is simply whether the district court erred in denying a preliminary injunction that would have required the Commonwealth to supply, without cost to the named plaintiffs, pads, pens, pencils, postage, photocopying and other legal materials when the plaintiffs had funds in their institutional accounts sufficient to purchase those items.[2]

2. While there is a claim that there was a failure to provide § 1983 forms for prisoners, the failure to provide enough § 1983 forms was found by the Magistrate to be nothing more than a "temporary short fall [which] resulted . . . [when] a check disclosed that there were only 5 sets of forms on hand. Gerber felt he had to limit the number of forms given to Ryan, until supplies could be replenished, when one considers that there are 850 men in the prison [sic] . . . Moreover, this court can take notice that many handwritten civil rights complaints, not on the required forms, are filed in this district."

## A.

A preliminary injunction is not granted as a matter of right. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). It may be granted, however, if the moving party demonstrates both a reasonable probability of eventual success in the litigation and that the party "will be irreparably injured *pendente lite* if relief is not granted." *Id.* at 136; *Kennecott Corp. v. Smith*, 637 F.2d 181, 187 (3d Cir. 1980). The trial court may also consider the possibility of harm to other interested persons from the grant or denial of the injunction, as well as harm to the public interest. *Eli Lilly & Co.*, 630 F.2d at 136. The grant or denial of a preliminary injunction is committed to the sound discretion of the district judge, who must balance all of these factors in making a decision. *Penn Galvanizing Co. v. Lukens Steel Co.*, 468 F.2d 1021, 1023 (3d Cir. 1972). Consequently, the scope of appellate review of a trial court's ruling is narrow. Unless the trial court abused its discretion, or committed an error in applying the law, we must take the judgment of the trial court as presumptively correct. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 357 (3d Cir. 1980).

In this instance, the case was referred to Magistrate Raymond J. Durkin, who wrote a thoughtful opinion and recommendation. He concluded that the plaintiffs failed to carry their burden to show either "a probability of success on the merits or that they will suffer irreparable harm if the preliminary injunction is not granted." Appendix at 57. Magistrate Durkin found that

> there has been no demonstration in the complaint or other documents that any prisoner has not been able to perfect and pursue a legal action due to the written policy concerning postage and the policy regarding paper and writing utensils, even if informal. With respect to the specific matters in dispute, it is recognized by plaintiffs that each inmate is permitted without cost to mail 10 one-

Appendix at 60. We cannot conclude that

ounce first class letters or the equivalent thereof in postage per month up to $1.50, and there has been no demonstration that any prisoner who exceeded this limit and was without funds and found himself in an emergency situation with respect to court matters was refused postage. In the absence of such demonstration, it would appear that prison officials would be free to establish some limitation on free postage.

> \* \* \* \* \* \*

> With respect to the matter of free photocopying, plaintiffs once again have not pointed to any instance in which an inmate was actually denied access to the courts by reason of being unable to photocopy documents when he did not have the funds to pay for the photocopying service.

Appendix at 58, 60. The district court approved and adopted the Magistrate's recommendation to deny the preliminary injunction "for the reasons set forth in his report." Appendix at 69.

## B.

On appeal, the inmates reiterate their claim that they were irreparably harmed because they were forced into a position in which they had "to choose to forego legal remedies for the few 'amenities of prison life' they have funds to purchase, or forego these 'amenities in pursuit of legal remedies.'" Appendix at 53. But appellants do not in any way specify what these amenities are. Nor do they allege that they were deprived of their basic necessities. They assert merely that they have "clear" constitutional rights that are being violated, and that the violation of constitutional rights for even minimal periods of time constitutes the required showing of irreparable harm. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1292(a)(1).

It is now established, of course, "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430

these findings were clearly erroneous.

U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). But at this stage in the litigation, there has been no showing that this proceeding involves "access to the courts."[3] Although broad constitutional claims are asserted, the present matter is quite different from any of the major constitutional cases relied upon by the appellants: This is not a situation in which prisoners are being denied the right to file petitions for habeas corpus unless the petitioners are found "properly drawn" by the legal investigator for the Parole Board. *Ex parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 641, 85 L.Ed. 1034 (1941). This is not a case in which the state has "effectively foreclosed" indigent prisoners from filing appeals and habeas corpus petitions by requiring the payment of docket fees. *Smith v. Bennett*, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); *Burns v. Ohio*, 360 U.S. 252, 257, 79 S.Ct. 1164, 1168, 3 L.Ed.2d 1209 (1959). This is not a case in which an indigent inmate cannot acquire trial records because of his inability to pay for them. *Griffin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). *See also* Draper v. Washington, *372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963);* Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958). L.Ed.2d 899 (1963). This is not a case in which indigent inmates are denied "a meaningful appeal" from their convictions because of the state's failure to appoint counsel. *Douglas v. California*, 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963). This is not a case in which the state prison system failed to provide adequate legal library facilities, *Bounds, supra.* Nor is this a case in which the state is closing a prison law clinic and does not provide an adequate law library, *Wade v. Kane*, 448 F.Supp. 678 (E.D.Pa.1978), *aff'd* 591 F.2d 1338 (3d Cir. 1979). Plaintiffs have been permitted to proceed *in forma pauperis* in this and in all their other cases, and thus the case at hand is also unlike *Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975), in which the plaintiffs were denied the right to proceed *in forma pauperis*.

Appellants rely heavily on *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In the very first sentence in *Bounds*, however, the majority stated its perception of the primary issue before the Court as follows: "The issue in this case is whether States must protect the right of prisoners to access to the courts by providing them with *law libraries or alternative sources of legal knowledge.*" 430 U.S. at 817, 97 S.Ct. at 1492–93 (emphasis added). Pads, pens, pencils, and photocopy machines are, of course, neither "law libraries" nor "alternative sources of legal knowledge." In a lengthy discourse on somewhat collateral issues, however, the Court said: "It is indisputable that *indigent* inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." 430 U.S. at 824–25, 97 S.Ct. at 1496 (emphasis added). Whether the latter statement was dictum or a holding is irrelevant for our purposes because the touchstone was the word "indigent," though the Court proffered no definition of indigency.

Magistrate Durkin's report suggests that the plaintiffs may not have been "indigent" for the purpose of purchasing the modest supplies at issue here. Further, and more important, the Magistrate stressed that there was no proof adduced that "any prisoner has not been able to perfect and pursue a legal action due to the written policy concerning postage and the policy regarding paper and writing utensils . . . ." Appendix at 58. He noted that each inmate was allowed to mail ten first class letters without cost per month and found that plaintiffs were unable to point "to any instance in which an inmate was actually denied access to the courts by reason of being unable to photocopy documents when

---

**3.** It must be emphasized that this case comes to us as an appeal from the denial of a preliminary injunction. It does not arrive with a detailed record. No testimony has been taken, and the case was decided on the basis of sparse affidavits. What may be error on an appeal from a final order may not constitute error at the present posture of review. *Continental Group Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 357 (3d Cir. 1980).

he did not have the funds to pay for the photocopying service." Appendix at 60. We agree with the district court that appellants have not met their burden of showing irreparable injury in this regard. As the Court of Appeals for the Tenth Circuit recently observed in *Johnson v. Parke:*

> The constitutional concept of an inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery. *See Harrell v. Keohane* [621 F.2d 1059 (10th Cir. 1980)]. *When an inmate's access to the courts is not unduly hampered by the denial of access to such machinery, he cannot complain.*

642 F.2d 377, 380 (10th Cir. 1981) (émphasis added).

We therefore will affirm the district court's order denying appellants' motion for preliminary injunctive relief.

### III.

Appellants urge that, in addition to ruling on the preliminary injunction issue, we should also consider that portion of the district court's order that denied certification of the purported class of inmates. We conclude, however, that we lack appellate jurisdiction at this time over the latter issue.

### A.

The appealability of a district court order denying a motion for class certification was, until recently, an unresolved issue. In 1978, however, the Supreme Court established that such orders are not generally appealable, inasmuch as they are neither "final decisions" for purposes of 28 U.S.C. § 1291,[4] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), nor refusals of injunctive relief for purposes of 28 U.S.C. § 1292(a)(1),[5] *Gardner v. Westing-*

house *Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). *Cf. De-Masi v. Weiss*, 669 F.2d 114 at 119 (3d Cir. 1982) (refusing to employ mandamus to review class certification order). In the present case, however, class certification was denied in the same order as the refusal of preliminary injunctive relief. Both parties agree that this Court has jurisdiction, under section 1292(a)(1), to review that portion of the order declining to issue the requested injunction. The disputed question is whether we may also review the class certification issue that was disposed of in the same order.

Appellants exhort us to embrace what one federal court has termed the doctrine of "pendent appellate jurisdiction," *Marcera v. Chinlund*, 595 F.2d 1231, 1236 n.8 (2d Cir.), *vacated on other grounds sub nom. Lombard v. Marcera*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). That doctrine, a judicially crafted exception to the interlocutory appeal rules of 28 U.S.C. § 1292, would provide that once an appellate court is accorded jurisdiction over the grant, refusal or modification of an injunction pursuant to § 1292(a)(1), the court in its discretion may review the entire order, including those portions of the order which otherwise would not qualify for interlocutory review.

While the Supreme Court has yet to address the propriety of pendent appellate jurisdiction,[6] our circuit has had a number of opportunities to explore the concept. An examination of the opinions reveals, however, that this Court has never formulated a consistent approach to the problem. In several decisions, this Court appears to have adopted a broad view of appellate jurisdiction under section 1292. In *D'Iorio v. County of Delaware*, 592 F.2d 681 (3d Cir. 1978), for example, the Court stated:

> [B]ecause the district court granted D'Iorio's requested injunctive relief and

---

**4.** Section 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291 (1976).

**5.** *See* note 7 *infra* & accompanying text.

**6.** This issue was specifically reserved in *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 479 n.3, 98 S.Ct. 2451, 2453 n.3, 57 L.Ed.2d 364 (1978).

ordered his reinstatement as a county detective, this appeal is properly before us under 28 U.S.C. § 1292(a)(1) (authorizing appeals from injunctive orders). When appellate jurisdiction is established on this basis, *the entire order, and not simply the propriety of the injunctive relief, is before the court for review.* 592 F.2d at 685 n.4 (emphasis added). Similarly, in *Kohn v. American Metal Climax, Inc.*, 458 F.2d 255 (3d Cir.), *cert. denied*, 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972), the Court asserted that certain provisions of the district court's orders were "injunctions within the meaning of section 1292(a)(1) . . . . Given jurisdiction over these aspects of the district court's orders we can review the merits of the entire case as it now rests." 458 F.2d at 262. *See also Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); *Merrell-National Laboratories, Inc. v. Zenith Laboratories, Inc.*, 579 F.2d 786, 791 (3d Cir. 1978).

The reach of *Kohn*, however, was explicitly constricted in *W. L. Gore & Assoc. v. Carlisle Corp.*, 529 F.2d 614, 618 (3d Cir. 1976), a patent infringement case in which Judge Maris, writing for a unanimous panel, concluded that

> the jurisdiction conferred upon the court of appeals does not extend to other claims or issues determined by the judgment which have no bearing upon the propriety of the action of the court with respect to the injunction. . . . Our decision in *Kohn* . . . is not to the contrary. For in that case an injunction was the principal relief sought and all the issues decided by the district court in its interlocutory judgment which was appealed under § 1292(a)(1) appear to have been involved in the plaintiff's right to injunctive relief.

Finally, a later case, *Concerned Citizens of Bushkill Township v. Costle*, 592 F.2d 164, 168 (3d Cir. 1979), would appear to be even more directly at variance with *Kohn* and *D'Iorio*. Considering a district court order that disposed both of plaintiff's motion for a preliminary injunction and of defendant-intervenor's motion to file a supplemental answer, the court stated summarily: "This court's jurisdiction is limited to reviewing that portion of the . . . order refusing to grant an injunction." *Bushkill* thus represents a narrow approach to section 1292(a)(1) that would restrict our jurisdiction to the literal terms of the statute.

### B.

Section 1292(a)(1) provides that the appellate courts "shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. . . ." 28 U.S.C. § 1292(a)(1) (1976). The provision is one of four exceptions [7] to the general rule that our appellate jurisdiction extends to *final* decisions of district courts. 28 U.S.C. § 1291 (1976). The history of § 1292 has been recounted elsewhere, *see, e.g., Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753–54 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *Stewart-Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 829–30 (2d Cir. 1963) (Friendly, J., dissenting), *cert. denied*, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964). It is sufficient to note here that section 1292(a)(1) "creates an exception to the long-established policy

---

7. Section 1292(a) also extends appellate jurisdiction to interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property, 28 U.S.C. § 1292(a)(2); interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed, 28 U.S.C. § 1292(a)(3); and judgments in civil actions for patent infringement which are final except for accounting, 28 U.S.C. § 1292(a)(4).

Section 1292(b) permits a district judge to certify a question of law to the appellate court if the judge believes that "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

against piecemeal appeals, which this Court is not authorized to enlarge or extend. The exception is a narrow one and is keyed to the 'need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.' " *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978) (quoting *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955) (footnote omitted)); *accord, Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). Because section 1292(a)(1) is an *exception* to an otherwise fundamental rule of federal appellate jurisdiction, we must construe the scope of the provision with great care and circumspection. Indeed, as the Supreme Court declared in *Switzerland Cheese Assoc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966), it is necessary that we "approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders."

A broad grant of section 1292(a)(1) jurisdiction posited by such cases as *D'Iorio* and *Kohn* appears directly to contravene the admonition of the Supreme Court in *Gardner* and *Switzerland Cheese*. *Kohn*, however, relied upon a different line of Supreme Court precedent, the genesis of which was *Smith v. Vulcan Iron Works*, 165 U.S. 518, 525, 17 S.Ct. 407, 410, 41 L.Ed. 810 (1897). In *Smith*, the Supreme Court construed the predecessor of section 1292(a)(1) to authorize "according to its grammatical construction and natural meaning, an appeal to be taken from the whole of such interlocutory order or decree, and not from that part of it only which grants or continues an injunction." Reliance upon *Smith*, however, was misplaced. In *Smith*, the Supreme Court went on to say that the intent of the provision in question was "not only to permit the defendant to obtain immedi-

ate relief from an injunction . . . but also to save both parties from the expense of further litigation, should the appellate court be of opinion that the plaintiff was not entitled to an injunction *because his bill had no equity to support it.*" 165 U.S. at 525, 17 S.Ct. at 410 (emphasis added).[8] *Smith* holds, therefore, that where appellate jurisdiction is based on section 1292(a) but it appears to the appellate court that there is no merit to the complaint whatever, the entire case will be dismissed. This holding is much narrower than the excerpt quoted in *Kohn* would appear to suggest.

*N.L.R.B. v. Interstate Dress Carriers, Inc.*, 610 F.2d 99 (3d Cir. 1979), reflects more accurately the meaning of the *Smith* case. There, the district court denied a motion for a preliminary injunction and, in the same order, directed that discovery go forward. We decline to review the discovery order, concluding that, unless "subject matter jurisdiction is entirely lacking or the pleadings disclose no claim upon which relief could be granted . . . the discovery order is interlocutory and unreviewable." 610 F.2d at 104.

The other circuits that have considered the issue appear to have taken the more restrictive view of section 1292(a)(1) that is reflected in such opinions as *Interstate Dress Carriers* and *Gore*, discussed *supra*. Both the Second and Seventh Circuit approaches deserve close examination. In *Hurwitz v. Directors Guild of America, Inc.*, 364 F.2d 67, 70 (2d Cir.), *cert. denied*, 385 U.S. 971, 87 S.Ct. 508, 17 L.Ed.2d 435 (1966), Judge Lumbard—reflecting the *Smith* court rationale—noted that

[a]s a general rule, when an appeal is taken from the grant or denial of a preliminary injunction, the reviewing court will go no further into the merits than is necessary to decide the interlocutory ap-

---

8. *See also Deckert v. Independence Shares Corp.*, 311 U.S. 282, 286–87, 61 S.Ct. 229, 232–233, 85 L.Ed. 189 (1940), in which the Supreme Court, citing *Smith*, held that the Court of Appeals "properly examined the interlocutory order denying the motions to dismiss, although generally it could consider such an order only

on appeal from a final decision" because " '[i]f insuperable objection to maintaining the bill clearly appears, it may be dismissed and the litigation terminated' " (quoting *Meccano, Ltd. v. Wanamaker*, 253 U.S. 136, 141, 40 S.Ct. 463, 465, 64 L.Ed. 822 (1920)).

peal.... However, this rule is subject to a general exception—the appellate court may dismiss the complaint on the merits if its examination of the record upon an interlocutory appeal reveals that the case is entirely void of merit.... Such an exception serves the obvious interest of economy of litigation....

The Second Circuit carved out another narrow exception to the general rule in *Sanders v. Levy*, 558 F.2d 636, 643 (2d Cir. 1976), *adhered to on this point en banc*, 558 F.2d 646, 647–48 (2d Cir. 1977), *rev'd on other grounds sub nom. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). There, the Court concluded that it could review an otherwise nonappealable class action determination because there was "sufficient overlap in the factors relevant" to the class action issue and the other, properly appealable, issues. *See also Marcera v. Chinlund*, 595 F.2d 1231, 1236 n.8 (2d Cir.) *vacated on other grounds, sub nom. Lombard v. Marcera*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). Judge Waterman, in *State of New York v. Nuclear Regulatory Commission*, 550 F.2d 745 (2d Cir. 1977), carefully delineated the rationale behind the *Hurwitz* and *Sanders* decisions. Declining to review the merits of the entire case after properly assuming jurisdiction under section 1292(a)(1), he concluded:

What *Hurwitz* and *Sanders* have in common, and what distinguishes them from the present case, is that in each of them the expanded review undertaken by the appellate court *required no greater expenditure of effort by that court than if it had strictly confined its review to the interlocutory order which was independently appealable.*

550 F.2d at 760 (emphasis added).

A similarly circumscribed approach was adopted by the Seventh Circuit in *Jenkins v. Blue Cross Mutual Insurance, Inc.*, 522 F.2d 1235 (7th Cir. 1975), *aff'd on rehearing*, 538 F.2d 164 (7th Cir.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). There, the plaintiff, a former employee of Blue Cross, charged her former employer with sex discrimination in violation of Title VII. The requested injunctive relief would have enjoined the defendants' current employee evaluation and promotion practices. In refusing to grant the plaintiff's motion to certify a class including all current employees of Blue Cross, the district court effectively precluded the requested injunctive relief: because the plaintiff was no longer employed, she could not demonstrate "irreparable harm" to herself resulting from continued use of the evaluation and promotion practices. On these facts, the Seventh Circuit held the class certification question appealable, concluding that "there can be no doubt that the district court's earlier refusal to certify the suit as a class action *directly controlled* its subsequent decision on the requested preliminary injunction." *Id.* at 1238 (emphasis added) (footnote omitted).[9]

■ A fair reading of the relevant Supreme Court precedents, as well as the discussions of section 1292(a)(1) found in the decisions of the other circuits that have considered the issue, lead us to conclude that the broad grant of section 1292(a)(1) jurisdiction adopted in such cases as *D'Iorio* and *Kohn* is incorrect. The Congress that drafted section 1292 set forth four exceptions—and only four—from the basic rule that interlocutory orders are not appealable. Mindful of the Supreme Court's counsel in *Gardner, supra,* and *Switzerland Cheese, supra,* we decline to reach out and extend our jurisdiction absent further di-

9. *See also Loya v. Immigration and Naturalization Service*, 583 F.2d 1110, 1113 (9th Cir. 1978) (footnote omitted), in which the court held that the order refusing to certify the class was not appealable under either § 1291, citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), or § 1292(a)(1): "We need not decide now if we would adopt the *Jenkins* holding. Under its own terms it cannot apply to the present case. In *Jenkins* the failure to certify the class 'directly controlled' the later decision to refuse a preliminary injunction. In the instant case, the district court granted partial summary judgment denying injunctive relief for reasons independent of whether the suit was maintained individually or as a class action."

rectives from Congress. Instead, we hold that a pendent class certification order is not appealable under section 1292(a)(1) unless the preliminary injunction issue cannot properly be decided without reference to the class certification question.[10]

Our holding today reflects the carefully tailored reading of section 1292(a)(1) that has been mandated by the Supreme Court and advocated explicitly by the Second and Seventh Circuits. If the preliminary injunction issue appealable under section 1292(a)(1) *cannot be resolved* without reference to the otherwise nonappealable class certification issue—either because the latter issue directly controls disposition of the former, or because the issues are, in some other way, inextricably bound—then both issues *must* be addressed in order to resolve properly the section 1292(a)(1) preliminary injunction issue.[11] In such a situation, the appellate court has no choice: any more limited review would deprive the appellant of his or her congressionally mandated right to a section 1292(a)(1) interlocutory appeal. If, on the other hand, the appellate court can dispose of the section 1292(a)(1) appeal without venturing into otherwise nonreviewable matters, its jurisdiction should be limited accordingly.[12]

A contrary rule would have serious and unfortunate consequences. For one thing, extending appellate jurisdiction over interlocutory orders *not* explicitly covered by section 1292(a) could disrupt the functioning of the district court by prematurely taking matters out of the district judge's hands. An appellate court decision to assume jurisdiction over a class certification order, for example, which "may be altered or amended before the decision on the merits," Fed.R.Civ.P. 23(c)(1), is—in the absence of extraordinary circumstances—a usurpation of the district court's role. In addition, any rule that encourages a broad range of appeals under section 1292(a)(1) invites abuse. Litigants desiring immediate appellate review could simply encumber their complaints or counterclaims with prayers for injunctive relief. Finally, and most importantly, the standard arguably suggested in *D'Iorio* and *Kohn* could effectively undermine the final decision rule. Once we begin reviewing a broad range of interlocutory orders, we defeat the narrow scope of section 1292(a) that was clearly intended by Congress.[13]

## C.

■ Turning to the present appeal, we conclude that the order denying the class certification is not appealable as a concomitant of the order denying preliminary injunctive relief. Under the standard that is inferrable from section 1292(a), a mere nex-

---

10. Similarly, if inquiry into the preliminary injunction issue reveals that the case has no merit and that judicial resources would be wasted were the case to continue, it would appear salutary to dismiss the action in its entirety. *See Smith v. Vulcan Iron Works, supra; Hurwitz v. Directors Guild of America, Inc., supra.* The present case does not raise this issue, however.

11. This test has been adopted by at least one authority. *See* C. Wright, Law of Federal Courts § 102, at 513 (3d ed. 1976) ("[R]eview quite properly extends to all matters inextricably bound up with the remedial decision and the court, if it sees fit, may consider and decide the merits of the case and may order dismissal of the action"). In contrast, the second edition of Professor Wright's treatise read: "It is settled that an appeal from an order granting or refusing an injunction brings before the appellate court the entire order, not merely the propriety of injunctive relief, and that the appel-

late court may consider and decide the merits of the case and may order dismissal of the action." C. Wright, Law of Federal Courts § 102, at 459 (2d ed. 1970). We can infer that the change in Professor Wright's approach occurred in response to such cases as *Sanders, supra,* and *Jenkins, supra.*

12. Our holding today in no way impairs the vitality of such cases as *Latrobe Steel Co. v. United Steelworkers,* 545 F.2d 1336 (3d Cir. 1976) and *United States v. Spectro Foods Corp.,* 544 F.2d 1175 (3d Cir. 1976), in which we held that "an appellate court may consider the matter of a civil contempt in connection with an appeal from the underlying preliminary injunction." *Latrobe Steel,* 545 F.2d at 1340.

13. Of course, there may be an appeal at this stage in the litigation when the district court certifies such an appeal under § 1292(b). *See* note 7 *supra.*

us between the two orders is not sufficient to justify a decision to assume jurisdiction. Thus, the fact that the definition of the term "indigency" was relevant to both issues is not enough, by itself, to warrant the extension of our jurisdiction. Unlike *Jenkins v. Blue Cross Mutual Insurance, Inc., supra,* this is not a case in which the order denying the class certification "directly controlled" the refusal to grant a preliminary injunction. As an appellate court, we can resolve the preliminary injunction issue without even a reference to the order denying class certification. Indeed, it is instructive to note that, in this case, the Magistrate disposed of the preliminary injunction issue in its entirety before addressing the motion for class certification. Appendix at 62. Additionally, as the appellees point out, "it is conceivable that preliminary injunctive relief could have been granted while class action status [was] denied and the same result desired by the inmates would have been achieved." Brief for Appellees at 15. The two issues are separate and distinct; in no way can they be said to be "inextricably bound."

### IV.

We therefore hold (a) that the ruling of the district court denying the request for a preliminary injunction will be affirmed, and (b) that the class certification order is not reviewable under section 1292(a)(1) at this point in the litigation.

The matter will be remanded to the district court for action consistent with this opinion.

SEITZ, Chief Judge, concurring.

I join that portion of the majority's opinion affirming the district court's denial of appellants' motion for preliminary injunctive relief. I also agree that we do not have jurisdiction to consider an appeal from the district court's denial of class certification. My disagreement with the majority is narrow: I believe that a different standard should govern the scope of our appellate jurisdiction under 28 U.S.C. § 1292(a)(1) (1976).

I fully agree with the premise of the majority's opinion: "Because section 1292(a)(1) is an *exception* to an otherwise fundamental rule of federal appellate jurisdiction, we must construe the scope of the provision with great care and circumspection." Maj. Op. at 447 (emphasis in original). I am also in accord with the majority's view that section 1292(a)(1) does not confer a broad grant of pendent appellate jurisdiction on the federal courts and that we should overrule prior decisions in this circuit—including one which I authored—to the extent that they have expansively interpreted the statute to permit review of all otherwise unappealable orders, or any portion of an order, accompanying a grant or denial of injunctive relief. *See, e.g., D'Iorio v. County of Delaware,* 592 F.2d 681 (3d Cir. 1978); *Kohn v. American Metal Climax, Inc.,* 458 F.2d 255 (3d Cir.), *cert. denied,* 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972).

I believe, however, that the strong policy against piecemeal appellate review embodied in section 1292(a)(1), and recently emphasized by the Supreme Court in *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978), counsels for an even more restrictive approach than that suggested by the majority. I would hold that when a court of appeals reviews a district court's order with respect to injunctive relief, section 1292(a)(1) does not confer jurisdiction to review any other order of the district court.[1]

Under my approach, a court may affirm, modify, or reverse an order that is appeala-

---

1. To simplify the exposition of my approach, I have assumed that the district court's disposition of the class action certification motion is contained in one order, and its disposition of the request for injunctive relief is contained in another. My analysis would apply with equal force, however, where the two determinations are contained in the same order, as they are in this case. Thus, alternatively stated, I would hold that § 1292(a)(1) confers jurisdiction to review only that portion of the order granting or denying injunctive relief, and that we may not review any portion of the order that is not independently appealable.

ble under section 1292(a)(1), but is without jurisdiction to review any ancillary orders of the district court, whether or not they directly control an order granting or denying injunctive relief. This court must, of course, consider all issues raised by appealable orders even if such determinations directly impact on a nonappealable order. This process does no more than effectuate the right of complete interlocutory review of appealable orders.

Thus, even when consideration of a district court's ruling on a motion for preliminary injunctive relief can be said to affect a class certification order, I believe that the court should only act on the former, appealable, order.[2] This does not mean that the district court cannot thereafter take cognizance of our determination to the extent it impacts on the validity of the class certification.

My formulation differs from the majority's in two respects. First, under the majority's view, a nonappealable order *becomes* appealable if it directly controls or is inextricably linked to an order granting or denying injunctive relief, whereas I would hold that an order, or a portion of an order, that is not independently reviewable under the statute, is never appealable under section 1292(a)(1). This formulation better recognizes that, as an exception to the general rule against interlocutory appeals, the scope of our jurisdiction under section 1292(a)(1) should be narrowly circumscribed. The majority does not abandon the doctrine of "pendent appellate jurisdiction" implicitly adopted in our previous decisions, but merely establishes more stringent standards for its application. I believe the doctrine should be rejected.

Second, permitting consideration of only those issues necessary to decide an appealable order would produce a more circumscribed grant of appellate jurisdiction than does the majority's approach. The majority would permit review of an order if it "directly controls" the injunctive order or if "the issues are, in some other way, 'inextricably bound.'" Maj. Op. at 449. I believe that the "inextricably bound" aspect of the formulation is inherently vague, and leaves the door open to expansive appellate review. Moreover, this standard invites dispute whether a particular nonappealable order is merely factually related to or is inextricably bound up with an appealable determination. In an area of law where certainty is important, I believe such latitude is unwise. *See Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 253, 99 L.Ed. 233 (1955) ("*ad hoc* decisions [on questions of appealability] disorganize practice by encouraging attempts to secure or oppose appeals with a consequent waste of time and money").[3] In light of the Su-

---

2. In *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940), the United States Supreme Court held that, when reviewing an interlocutory order granting or denying injunctive relief, an appellate court "is not limited to mere consideration of, and action upon, the order appealed from", but may review the district court's denial of defendant's motion to dismiss if "insuperable objection to maintaining the bill clearly appears". *Id.* at 287, 61 S.Ct. at 232. *See Smith v. Vulcan Iron Works*, 165 U.S. 518, 525, 17 S.Ct. 407, 410, 41 L.Ed. 810 (1906); *Ex parte Nat'l Enameling Co.*, 201 U.S. 156, 162, 26 S.Ct. 404, 406, 50 L.Ed. 707 (1905) ("If an injunction is granted by an interlocutory order and the order is taken on appeal to the Circuit Court of Appeals, and that court is of the opinion that the patent on its face is absolutely void, it would be a waste of time and an unnecessary continuance of litigation to simply enter an order setting aside the injunction and remanding the case for further proceedings."). As the majority observes, these cases establish an independent exception to § 1291, applicable only when it appears, upon review of an appealable interlocutory order, that the equitable action lacks merit, and permits the court to dismiss the case entirely.

3. The majority cites the Second Circuit's decisions in *Sanders v. Levy*, 558 F.2d 636, 643 (2d Cir. 1976), *adhered to on this point en banc*, 558 F.2d 646, 647–48 (2d Cir. 1977), *rev'd on other grounds sub nom. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) and *Marcera v. Chinlund*, 595 F.2d 1231, 1236 n.8 (2d Cir.), *vacated on other grounds sub nom. Lombard v. Marcera*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). If these cases are cited with approval, I disagree. I do not believe we may review a class action determination in conjunction with an appealable interlocutory order merely because there is a "sufficient overlap in the factors relevant." *Sanders*, 558 F.2d at 643.

preme Court's recent strict construction of the statute, particularly with respect to the appealability of class action certification, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (holding class certification orders are not final decisions under § 1291); *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978) (holding class certification orders are not injunctions under § 1292(a)(1)), I believe that a narrow approach is desirable. My approach effectuates the literal command of section 1291(a)(2), which permits appeals only from orders granting, denying or modifying interlocutory injunctive relief, and safeguards against expansive appellate review of ancillary interlocutory orders.[4] At the same time, it does not prevent a district court in a proper case from making use of any issue determination that may be relevant to other matters that are still before it.

A. LEON HIGGINBOTHAM, Jr., Circuit Judge, concurring and dissenting.

I concur in the majority opinion insofar as it affirms the district court's denial of a preliminary injunction. I believe the majority's view "that a pendent class certification order is not appealable under section 1292(a)(1) unless the preliminary injunction issue cannot properly be decided without reference to the class certification question" is too narrow a rule. Majority Opinion, at 448 (footnote omitted). Furthermore, I would extend pendent appellate jurisdiction to the issue of class certification in this case because I have concluded that it is intertwined with the court's denial of injunctive relief.

I.

The cases, including the majority and concurring opinions here, reveal four basic

approaches to the issue of pendent appellate jurisdiction. *In D'Iorio v. County of Delaware*, 592 F.2d 681, 685 n.4 (3d Cir. 1978), a most thoughtful and analytical opinion by Judge Garth, our court expressed the view that "[w]hen appellate jurisdiction is established [under § 1292(a)(1)], the entire order, and not simply the propriety of the injunctive relief, is before the court for review." This case is illustrative of the most liberal and expansive approach to pendent appellate jurisdiction.

The majority today repudiates *D'Iorio* and adopts a rule whereby there can be no pendent appellate jurisdiction unless "the preliminary injunction issue appealable under section 1292(a)(1) *cannot be resolved* without reference to the otherwise nonappealable class certification issue...." Majority Opinion, at 449 (emphasis in original). The concurring opinion would go even further and eliminate completely our discretion to assume pendent appellate jurisdiction. In Chief Judge Seitz' view, appellate courts are vested with no jurisdiction to review ancillary orders of the district court, whether or not they directly control an order granting or denying injunctive relief.

Although the *D'Iorio* rule and the approach suggested by the concurring opinion do establish bright line rules which have the virtue of ease of application, I believe that *D'Iorio* is too permissive and the concurrence too restrictive. The majority, which continues to allow discretion, albeit closely circumscribed, would not allow for pendent appellate jurisdiction in the class of cases where, because of the intertwining of facts or law, it is useful and economical to reach the non-appealable issue along with the appealable one.

The Second Circuit has adopted a rule that allows for a broader measure of flexi-

---

4. Because it is not necessary to review an order of civil contempt in order to review an appealable injunction on which it is based, I recognize that my formulation appears to conflict with our prior decisions in that area. *See, e.g., Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336, 1340 (3d Cir. 1976) ("an appellate court may consider the matter of civil contempt in connection with an appeal from the underly-

ing preliminary injunction"); *United States v. Spectro Foods*, 544 F.2d 1175 (3d Cir. 1976). Nor do I believe that these cases are easily reconcilable with the majority's approach. This circuit has never set forth in detail the rationale for its treatment of civil contempt orders, and I do not believe it is necessary either to embrace or reject this longstanding rule until it is properly before the court in banc.

bility in the interest of judicial economy. The Second Circuit would assume pendent appellate jurisdiction where there is "sufficient overlap in factors relevant" to both the appealable and otherwise non-appealable issues. *Sanders v. Levy,* 558 F.2d 636, 643 (2d Cir. 1976), *adhered to on this point en banc,* 558 F.2d 646, 647–48 (2d Cir. 1977), *rev'd on other grounds sub nom., Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). As the majority noted, Judge Waterman, in *State of New York v. Nuclear Regulatory Commission,* 550 F.2d 745, 760 (2d Cir. 1977), interpreted the Second Circuit's rule to allow for pendent appellate jurisdiction where "the expanded review undertaken by the appellate court require[s] no greater expenditure of effort by that court than if it . . . strictly confine[s] its review to the interlocutory order which [is] independently appealable."

Professor Moore stated this approach somewhat differently but to the same effect when he wrote,

Where an interlocutory appeal is taken, as from an order granting an injunction, the appellate court will not go any further into the merits of the case than is necessary to decide the matter upon appeal. The appellate court is not, however, limited solely to a consideration of the order upon which the appeal is based, *for its jurisdiction embraces such other orders, although interlocutory and in themselves non-appealable, and such questions are basic to and underlie the order supporting the appeal.*

9 Moore's Federal Practice, ¶ 110.25 at 269–70 (2d ed. 1970) (footnotes omitted; emphasis added).

I do not believe that appellate jurisdiction needs to be as closely circumscribed as the majority would have it. The flexibility present in the Second Circuit's rule would allow us to dispose of issues where very little extra work is required. In fact, the present case is one in which there is a basic underlying question relevant to both the injunction and class certification issues. The magistrate admitted that he was rec-ommending denial of the injunction and of class certification because of the difficulty in defining indigency. Granted, the majority is accurate in its conclusion that the injunction issue can be reviewed separately from the class certification question. Nevertheless, the issues have been fully briefed, there is an obvious overlap in factors relevant to both and it would require very little extra effort to reach the otherwise non-appealable class certification issue. I would adopt a rule similar to that used by the Second Circuit and assume pendent appellate jurisdiction in this case.