**Arthur L. WANNINGER, Et Al.,
Plaintiff-Appellant,**

v.

**Capt. D.E. DAVENPORT, Et Al.,
Defendant-Appellee.**

No. 82–5326

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 1983.

Arthur L. Wanninger, pro se.

Chris Altenbernd, Tampa, Fla., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Arthur L. Wanninger, filed this action against officials of the Hillsborough County Jail seeking declaratory and injunctive relief under 28 U.S.C.A. §§ 2201 & 2202 (1982). Wanninger alleged that the jail officials had denied him "meaningful access to the courts" by refusing his request to photocopy legal materials. The district court construed the allegations to state a claim under 42 U.S.C.A. § 1983 (1981). However, the district court concluded that the appellant had not alleged "facts sufficient to show that his access to law books has been unconstitutionally abridged" and dismissed the complaint. We affirm.

The facts of this case can be summarized briefly. Appellant was convicted of robbery and sentenced to a fourteen-year prison term. Subsequently, he filed a motion seeking post-conviction relief. In order to appear at an evidentiary hearing concerning that motion, he was temporarily transferred to the Hillsborough County Jail. While at that facility, appellant asked jail officials to provide him with free photocopies of ten specified federal and state legal precedents. After the jail officials refused, appellant filed this action.

"Prisoners have a constitutional right to 'adequate, effective and meaningful' access to the courts." *Bonner v. City of Prichard*, 661 F.2d 1206, 1212 (11th Cir.1981) (quoting *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)). The question presented in this case is whether the jail officials' refusal to provide appellant with photocopies of the requested legal precedents deprived appellant of "a reasonably adequate opportunity to present claimed violations of fundamental constitu-

tional rights to the courts." *Bounds v. Smith,* 430 U.S. at 825, 97 S.Ct. at 1496.

At least two other circuit courts of appeal have determined that the right of access to the courts does not necessarily include a right to photocopies of legal documents. In *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980), the Tenth Circuit held that "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when as here, there are suitable alternatives." More recently, in *Kershner v. Mazurkiewicz,* 670 F.2d 440 (3d Cir.1982), the Third Circuit followed the Tenth Circuit's rule, holding that " '[t]he constitutional concept of an inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery.' " *Id.* at 445 (quoting *Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir.1981)).

■ We agree with the Tenth and Third Circuits that jail officials do not necessarily have to provide a prisoner with free, unlimited access to photocopies of legal precedents in order to protect the prisoner's right to access to the courts. In this case, for example, it is clear from the complaint that appellant had access to the law library at the county jail during the period in which he was preparing for the evidentiary hearing on his motion for post-conviction relief in the state courts. There is no allegation that this law library was inadequate. Appellant does allege generally that use of legal materials was restricted to short periods of time because a large number of prisoners desired access to the jail library and because books could not be checked out for use in individual cells. However, he does not allege that these restrictions affected his ability to represent himself in the state evidentiary hearing at

issue, thereby denying him effective access to the court. In fact, exhibit 1 attached to his complaint in the district court reveals that appellant requested copies of only ten cases and that a jail official advised him that he could use the books at the jail library. Thus, even under the required liberal reading of appellant's pro se complaint, he has failed to state a cause of action.

■ Moreover, appellant's complaint in the federal district court and his pro se brief on appeal both demonstrate that he has had access to the courts and to a considerable amount of legal material. Consequently, we find no support in the record for the contention that jail officials abridged appellant's constitutional rights when they refused to provide him with free photocopies of the legal precedents he had requested.[1]

We conclude that the district court properly dismissed appellant's complaint.

AFFIRMED.

---

1. It is unnecessary for us to decide whether there might be some circumstances in which prison officials might be required to provide photocopying services in order to preserve a prisoner's access to the courts. *Cf. Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir.1981) ("[W]hen numerous copies of often lengthy complaints or briefs are required, it is needless-ly draconian to force an inmate to hand copy such materials when a photocopying machine is available and the inmate is able and willing to compensate the state for its use. Allowing inmates to pay for and receive photocopies of the legal materials required by the courts is part of the 'meaningful access' to courts that inmates are constitutionally entitled to").