[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2005
THOMAS  K. KAHN
CLERK

No. 04-13695
Non-Argument Calendar

D.C. Docket No. 04-00143-CV-CC-1

CHARLES LAMONT MILLER,

Plaintiff-Appellant,

versus

JAMES E. DONALD, in his individual and
official capacities,
JIM WETHERINGTON, in his individual and
official capacities, et al.

Defendants-Appellees.

Appeal from the United States District Court for the
Northern District of Georgia

**(May 19, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Georgia prisoner Charles Lamont Miller appeals the district court's *sua sponte* dismissal of his civil rights complaint against various prison officials, which he filed pursuant to 42 U.S.C. § 1983. We affirm the district court.

In Miller's complaint, he alleged James E. Donald, Jim Wetherington, and Edmond J. Bazar, Jr., in their individual and official capacities as prison officials with the Georgia Department of Corrections, denied him his constitutional right to access the courts by refusing to provide him with photocopies of legal documents relating to a § 1983 action he had filed in United States District Court for the Central Division of California. Prior to Miller completing service on the defendants, the district court *sua sponte* dismissed Miller's instant § 1983 action as frivolous under § 1915A(b)(1). In doing so, the court concluded that, because Miller had no constitutional right to free photocopies, he had failed to state a claim that was cognizable under § 1983.

Miller argues on appeal the district court erred in dismissing his § 1983 action as frivolous because he had a right to be provided with photocopies of the legal documents relevant to the § 1983 action he had pending in California. Miller contends that, because he had a "genuine need" for these photocopies, and because he is an indigent prisoner, prison officials were required to provide them.

2

Section 1915A states, in pertinent part, that a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute further provides that, on reviewing such a claim, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

We review de novo a district court's *sua sponte* dismissal of a suit for failure to state a claim for relief under § 1915A(b)(1). *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). We, however, have not announced the standard of review applicable for a § 1915A(b)(1) *sua sponte* dismissal for frivolity. In concluding that de novo review was appropriate for § 1915A(b)(1) dismissals for failure to state a claim, we reasoned that the language in § 1915A "track[ed]" the language contained in dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii)[1] and Federal

---

[1] Section 1915(e)(2), which pertains to *in forma pauperis* proceedings, provides that, notwithstanding any filing fee, the court shall dismiss a case at any time "if the Court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."

3

Rule of Civil Procedure 12(b)(6).[2] *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001). On the other hand, we have determined that a court's *sua sponte* dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

However, regardless of whether we review this § 1915A(b)(1) dismissal for frivolity de novo or for abuse of discretion, no reversible error occurred. We have determined that a claim is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (examining dismissal for frivolity under § 1915(e)(2)(B)(i)). "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) *cert. denied*, 124 S. Ct. 1508 (2004). "To pass constitutional muster, access to the courts must be more than merely formal; it must also be adequate, effective, and meaningful." *Id.*

Under this constitutional right to access the courts, prison authorities must "provid[e] prisoners with adequate law libraries or adequate assistance from

---

[2] Rule 12(b)(6) provides that a party may move for the dismissal of a claim for "failure to state a claim upon which relief can be granted."

4

persons trained in the law." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting *Bounds v. Smith*, 97 S. Ct. 1491, 1498 (1977)).  In *Wanninger v. Davenport*, 697 F.2d 992 (11th Cir. 1983), we examined a district court's dismissal of a § 1983 claim, in which a prisoner contended that jail officials had denied him "meaningful access to the courts" by refusing his request for the jail officials to provide him with free photocopies of ten specific federal and state legal precedents, to allow him to prepare for an evidentiary hearing in his motion for post-conviction relief.  *Id.* at 993.  In affirming this dismissal, we concluded that, although "there might be some circumstances in which prison officials might be required to provide photocopying services in order to preserve a prisoner's access to the courts," no support in the record existed for the contention that the jail officials abridged the prisoner's constitutional rights when they refused to provide him with free photocopies of the legal precedents he had requested.  *Id.* at 994 & n.1.[3]

---

[3] 28 C.F.R. § 543.11(g) provides that:

The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. The inmate shall bear the cost, and the duplication shall be done so as not to interfere with regular institution operations.  Staff may waive the cost if the inmate is without funds or if the material to be

In addition, to have standing to seek relief under this constitutional right to access the courts, a plaintiff must show "actual injury." *Jackson v. State Bd. of Pardons and Paroles*, 331 F.3d 790, 797 (11th Cir.) *cert. denied*, 124 S. Ct. 319 (2003). This requisite injury requirement is met by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded." *Id.* (quotations and citation omitted). Indeed, this requirement means that "prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson*, 163 F.3d at 1290. Thus, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Id.* at 1291 (quotations and citation omitted). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." *Id.* at 1290-91.

Miller asserts prison officials denied him his right to access the courts by refusing his request they provide him with free photocopies of legal documents he was required to serve on the defendants in his California § 1983 action.

---

duplicated is minimal, and the inmate's requests for duplication are not large or excessive.

Moreover, instead of merely alleging a general denial of his constitutional right to access the courts, Miller asserted that he was injured because his § 1983 action was "in jeopardy of being denied."

Miller, however, failed to allege the California federal court would not accept service of, or that Miller was unable to produce, hand-copied duplicates. Thus, similar to the facts in *Wanninger*, this denial did not constitute a denial of Miller's right to access the courts. *See Wanninger*, 697 F.2d at 994 & n.1. Moreover, Miller failed to explain, and a review of his complaint does not reveal, why this injury necessarily resulted from the refusal of prison officials to provide him with free photocopies. *Cf. Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (reversing district court's dismissal of complaint alleging that prison officials seized the prisoner's pleadings and law book and destroyed other legal papers). Accordingly, we conclude Miller's claim of denial of access to the courts was "without arguable merit either in fact or law," and the district court's *sua sponte* dismissal of his § 1983 complaint for being frivolous was not erroneous. *See Bilal*, 251 F.3d at 1349.

AFFIRMED.