[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10983
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 4, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00218-CV-4


CLARENCE "CLAY" REDMOND LOGUE, JR.,

Plaintiff-Appellant,

versus

CHATHAM COUNTY DETENTION CENTER,
A. DORSEY,
FNU MITCHELL, Lt.,
GILBERG, Corporal,
MCARTHUR HOLMES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 4, 2005)


Before TJOFLAT, DUBINA  and MARCUS, Circuit Judges.

PER CURIAM:

Clarence "Clay" Redmond Logue, Jr., a Georgia prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil complaint, in part, for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(c)(1), and, in part, for failure to state a claim, 28 U.S.C. § 1915A(b)(1). Logue, who is white, sued the Chatham County Detention Center ("CCDC"), the Chatham County Sheriff's Department ("CCSD"), four black CCDC officials, and Jail Administrator Holmes, alleging violations of his rights to equal protection and access to the courts based on the denial of Logue's requests for multiple photocopies of supporting exhibits, including lengthy transcripts, for his use in an unrelated habeas corpus proceeding.[1] Logue asserted that the defendants' denial of his requests was based on race. The district court dismissed the equal-protection claim based on Logue's failure to exhaust administrative remedies and dismissed the access-to-the-courts claim for failure to state a claim. After thorough review of the record and Logue's brief, we affirm.

We review a district court's dismissal for failure to exhaust administrative remedies de novo. Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998). We review a district court's § 1915A dismissal for failure to state a claim de novo. Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

---

[1]Logue appeals the dismissal of his complaint only as to the four black CCDC officials. The dismissal as to CCDC, CCDS, and Holmes is not at issue in this appeal.

First, Logue contends that his equal protection claim should not have been dismissed for failure to exhaust administrative remedies because the defendants' actions made the administrative remedy unavailable to him.[2]  In his complaint, Logue stated that there was a grievance procedure in place at CCDC and that he had exhausted his remedies under it.  Logue attached to his complaint a copy of an Inmate Grievance Form, dated March 8, 2004, in which he stated that CCDC officials had not complied with their own copying policy and had denied his request for copies of documents for filing in support of a habeas corpus petition he was preparing.  Notably, Logue did not allege that the denials of his requests were in any way related to his race.

Indeed, based on our review, the first time Logue ever mentioned race discrimination was when he filed his complaint in the district court, stating that he had requested copies and that his requests were "continually denied. . . . because I am white."  In the complaint's statement concerning exhaustion of remedies, Logue did not mention that the defendants had prevented him from exhausting his administrative remedies, as he now argues on appeal.  Rather, he stated that he had

---

[2]For the first time on appeal, Logue also argues that these prison officials violated his due process rights because he was denied the right to file a grievance based on racial discrimination. As to Logue's due process argument, we generally do not consider issues not raised before the district court.  See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).  In Narey, we noted five exceptions to this rule, but none apply in this case.  Therefore, we will not address the due process issue.

3

exhausted the grievance procedure by filing the Inmate Grievance Form he attached to his complaint. Again, the Form makes no mention of race. Likewise, Logue's complaint did not state that he had any problem exhausting his remedies during the grievance procedure due to the defendants' conduct, or for any other reason.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, prisoners are required to exhaust administrative remedies prior to filing a civil rights action. Specifically, 42 U.S.C. § 1997e(a) of the PLRA mandates the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has determined that PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 986, 152 L. Ed. 2d 12 (2002). Moreover, this Court has held that the exhaustion requirement is mandatory, and cannot be waived, even when the process is futile or inadequate. Alexander, 159 F.3d at 1325-26. Simply put, on this record, we are satisfied that Logue did not exhaust his equal-protection claim where he did not refer to race prior to filing his complaint and did not assert any problem with the grievance procedure prior to

4

lodging objections to the Report and Recommendation.

As for Logue's access-to-the-courts claim,[3] it is well-settled that "[p]risoners have a constitutional right to adequate, effective, and meaningful access to the courts." Wanninger v. Davenport, 697 F.2d 992, 993 (11th Cir. 1983) (quotation omitted); see also Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law."). However, this right does not encompass a requirement that prison officials provide a prisoner with free, unlimited access to photocopies. Wanninger, 697 F.2d at 994.

To have standing to seek relief under § 1983 based on the denial of copying privileges, a plaintiff must show actual injury by showing that the denial actually impeded a non-frivolous claim. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Wanninger, 697 F.2d at 1290 (to bring an access-to-courts claim, plaintiff must allege "actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to

_____

[3]We note that we may affirm the district court's decision on any basis supported by the record. See Brown v. Johnson, 397 F.3d 1344, 1351 (11th Cir. 2004). To the extent the district court construed this claim as concerning solely a violation of Logue's right to photocopies, we construe his claim even more broadly, given his pro se status, and also hold that he asserted a claim, albeit unsuccessfully, based on his rights to access the courts.

conditions of confinement"). Here, Logue did not assert that the California court rejected his habeas petition because of the missing attachments and, thus, we discern no actual injury giving rise to a violation of his access to the courts. Therefore, we affirm the dismissal of this claim.

     **AFFIRMED.**