**C.I.T. CORPORATION, Plaintiff,**

v.

**Timothy DURANT, Defendant.**

**Civ. A. No. 83–745.**

United States District Court,
W.D. Pennsylvania.

April 14, 1983.

---

Thomas C. Murcko, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiff.

John Sughrue, Sughrue & Kesner, Clearfield, Pa., for defendant.

## OPINION AND ORDER

TEITELBAUM, Chief Judge.

The above captioned action was initiated by C.I.T. Corporation (hereinafter referred to as CIT) on March 29, 1983 seeking a declaratory judgment. Jurisdiction was alleged to exist on the basis of diversity of citizenship and requisite amount in controversy.

A temporary restraining order was issued on March 31, 1983 and a hearing on a preliminary injunction was set for April 5, 1983. On that date representatives of the parties appeared and indicated that they were in basic agreement on certain facts, that it was necessary only to place some exhibits before the Court and that the matter would then be ripe for adjudication. The parties have filed exhibits and briefs and it is now necessary to consider whether a preliminary injunction should be issued.

It appears that CIT financed the sale of a certain tractor to Bull Run Coal Co., Inc. (hereinafter referred to as Bull Run) and retained a security interest in the tractor. When Bull Run failed to make required payments, CIT obtained a judgment of $208,938.94. Subsequently the tractor was sold realizing net proceeds of $87,438.36, which reduced the sum owed to CIT to $121,500.58.

Apparently, Bull Run was an enterprise related to Paul C. Forcey, Paul C. Forcey, Jr. and Oak Contracting Co., all of whom were financially embarrassed. Rather than force proceedings in bankruptcy, the various creditors of these debtors agreed to cooperate in the collection of assets and to share in any recovery.

The agreement to cooperate required each creditor to appoint Timothy Durant, Esquire, as its attorney and to give him power to take those steps necessary to pay all creditors in an efficient, orderly and equitable manner. Moreover certain rules concerning settlement and distribution were agreed upon (See plaintiff's exhibits H and G and defendant's exhibit 1).

It now appears that Mr. Durant has successfully located $75,410.43 for distribution to the various creditors. He has proposed a distribution schedule which is opposed by CIT and D.C. Guelich Explosive Co. CIT contends that the distribution to it is inadequate while D.C. Guelich Explosive Co. asserts CIT is entitled to nothing.

In light of their disagreements with his proposal Mr. Durant in reliance on Rule 8 of the Rules of Administration Settlement and Distribution has proposed that a grievance committee of five other creditors be selected to arbitrate all differences.[1] CIT objects

1. Rule 8 provides:
   Each creditor shall be bound by the decision of said attorney with respect to all matters that relate to or affect directly or indirectly the interest of other creditors. In the event any

creditor is aggrieved by the decision of said attorney, the names of five (5) other creditors shall be drawn at random and they shall informally consider the issue that has arisen between the individual creditor and the attorney.

to submitting this matter to the grievance committee and instead seeks this Court to decide the merits of its claim to a greater share of the fund than that proposed by Mr. Durant. Essentially CIT contends that the members of the grievance committee have an adverse financial interest to CIT and will therefore not provide a fair hearing to CIT.

In passing on CIT's request for a preliminary injunction this Court is required to balance the plaintiff's likelihood of ultimate success, and the potential for harm to the plaintiff *pendente lite* as well as the potential harm to other interested persons and the public at large. *See e.g. Kershner v. Mazurkiewicz,* 670 F.2d 440 (3d Cir.1982). In discharging that duty it is necessary to consider first the likelihood of ultimate success by CIT. Review of Rule 8, *supra,* note 1, indicates quite clearly that there was an agreement to arbitrate and that the subject matter of the instant dispute is within the scope of the agreement to arbitrate. The share of the distribution to which CIT is entitled will directly or indirectly affect the interests of all other creditors.

While CIT appears to concede that its disagreement with the distribution plan proposed would be one for disinterested arbitrators, it contends that it need not submit to a decision of biased arbitrators. This argument however is not supported in Pennsylvania law.

When, however, the arbitrators are chosen by the parties themselves, the arbitrators are considered to be judges of the parties' own selection and choosing, and the parties may, if they so desire, choose or consent to the choosing by one of the parties, of persons adversely interested. In other words interest does not disqualify one from acting as an arbitrator if he is selected or if his selection is assented to with the full knowledge of his adverse interest. In fact, it may be said, in the absence of evidence of fraud, that the parties in selecting their own arbitrator are presumed to have done so despite

the adverse interests of some one or more of them. A party may even refer to his adversary if he so desires.

11 Pennsylvania Standard Practice 515–16 (footnotes omitted). Rule 8, *supra* note 1, contemplates that arbitration will occur only when there has been an adverse effect on some, if not all, of the other creditors. Thus Rule 8 contemplates arbitration by interested persons. CIT having contracted to submit to just such a proceeding cannot now complain. Since CIT has no likelihood of escaping arbitration, let alone prevailing on the merits of its claims, the request for a preliminary injunction will be denied. The foregoing shall constitute findings of fact and conclusions of law in accordance with Rule 52 of the Fed.R.Civ.P. An appropriate order will issue.

⬛

---

This committee (grievance committee) shall make a final determination with respect to the

issue and their decision shall be binding on both the creditor and the attorney....