**John HAYDEN, Plaintiff,**

v.

**Corrections Officers Aristides MALDONADO and Larry Brooks, Defendants.**

**No. 82–CV–1166.**

United States District Court, N.D. New York.

April 28, 1986.

Prisoners' Legal Services of New York, Plattsburgh, N.Y., for plaintiff; Robert Bensing, of Counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., for defendants; Alan S. Kaufman, Asst. Atty. Gen., of Counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This is an appeal by defendants of Magistrate Conan's order compelling them to produce their personnel files for discovery.

The plaintiff, a prison inmate, brought this action under 42 U.S.C. § 1983 for injuries that he contends resulted from an unprovoked beating by the defendants, who are prison guards. When the plaintiff requested discovery of the defendants' personnel files, the defendants refused on the grounds that the files are privileged and are irrelevant to plaintiff's lawsuit. The privilege claim was based on New York Civil Rights Law § 50–a (McKinney's Supp. 1986), which provides that correction officers' personnel files are confidential and are not subject to inspection without a court order. Section 50–a also provides that a court can allow inspection only after

reviewing the files *in camera* to determine which parts are relevant.

When the dispute was presented to Magistrate Conan on a motion to compel discovery, the defendants raised the irrelevance and privilege arguments and submitted their files for *in camera* review. After reviewing the files, Magistrate Conan rejected the irrelevance argument and ordered the defendants to produce the file. On appeal, the defendants repeat the irrelevance and privilege arguments that they raised before Magistrate Conan.

### RELEVANCE

In holding that the defendants' personnel files may lead to discovery of admissible evidence under Federal Rule of Civil Procedure 26(b)(1), Magistrate Conan relied on *Carson v. Polley*, 689 F.2d 562, 571–74 (5th Cir.1982). Like the present case, *Carson* involved a police brutality claim under § 1983. The court held that evidence that the defendant had previously lost his temper and allowed himself to get into arguments with inmates was admissible for the purpose of showing that in using force against the plaintiff, the defendant intentionally used excessive force.

The *Carson* basis for discovery is moot, because at oral argument defendants stipulated that if they used any force against plaintiff, it was excessive. Upon hearing defendants' stipulation, plaintiff stipulated that the files contain no information about whether the defendants beat him. Because of these stipulations plaintiff does not need the files to look for evidence that would directly prove his version of the events. *See Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (setting out elements of a § 1983 police brutality claim).

■ But plaintiff argues that the file may lead to other relevant information. First, he says that "[p]ersistent involvement in use of force against inmates could be used to show violent character." Plaintiff's Memorandum of Law in Opposition to Appeal, p. 13. This is not a basis for discovery because, under Federal Rule of Evidence 404(b), evidence of prior acts is not admissible to show a character trait from which one could infer that a similar act took place. Second, he says that information about defendants' use of force against inmates will be useful to rebut any evidence that the defendants submit to show that they are calm men who could not have been involved in a beating. Because it is reasonably possible that defendants will assert this, their files are subject to discovery.

### PRIVILEGE

■ Defendants argue that in compelling discovery of their entire files, rather than selecting for discovery only the documents that contain relevant evidence, Magistrate Conan acted inconsistently with New York State Civil Rights Law § 50-a and with *Kerr v. United States District Court for the Northern District of California*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). If Magistrate Conan acted inconsistently with § 50-a, this would not require reversal, because a state-law privilege is not determinative in a federal court. *See, e.g., Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 127–28 (N.D.N.Y.1984) (Foley, J.).

In *Kerr*, the Supreme Court endorsed *in camera* review of each document when a plaintiff seeks discovery of state records and the state asserts a governmental privilege: *"in camera* review ... is a relatively costless and eminently worthwhile method to insure that the balance between [defendants'] claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck." 426 U.S. at 405, 96 S.Ct. at 2125. In order for the state to have *in camera* review under *Kerr*, the assertion of privilege must be made by a high-level official of the state agency whose records are sought. *See id.* at 399, 404, 96 S.Ct. at 2122, 2124–25. Furthermore, "claiming a privilege should involve specifying which documents or class of documents are privileged and for what reasons." *Id.* at 400, 96 S.Ct. at 2122–23.

The *Kerr* requirements minimize the burden that *in camera* review imposes on courts.

■ The defendants presented their privilege argument to Magistrate Conan in a letter by an Assistant Attorney General. Under *Kerr*, the privilege request should have come from a high-level corrections official. Furthermore, the letter to Magistrate Conan stated in blanket fashion that the defendants' files are privileged. Under *Kerr*, the state should have made specific privilege and relevance arguments about specific documents in the files. Because defendants failed to comply with *Kerr*, Magistrate Conan did not have to review the files *in camera*. Similarly, on appeal the state has not complied with *Kerr*, and this court has not examined the files.

## CONCLUSION

Magistrate Conan's order is affirmed, because (1) although the basis for his ruling on relevance is moot, plaintiff has presented another basis for upholding the ruling; and (2) defendants have not followed the *Kerr* procedure for limiting discovery.

Defendants should have another chance to ask this court for *in camera* review, because their failure to comply with *Kerr* may have resulted from the notion, apparently widespread in this district, that this court must follow New York Civil Rights Law § 50–a. When this order is filed, enforcement of Magistrate Conan's order will be stayed for thirty days. During that time the defendants can renew their appeal by complying with *Kerr*.

IT IS SO ORDERED.