Curtis Eugene **BRANDON**

v.

Jeffrey A. **BEARD**, et al.

Civ. No. 3:CV–90–1020.

United States District Court,
M.D. Pennsylvania,
Scranton Division.

Oct. 7, 1991.

Curtis Eugene Brandon, pro se.

Michael Bendix Sutton, Office of Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

NEALON, District Judge.

■ BEFORE THE COURT is the plaintiff's motion to compel discovery on a number of specified documents. The defendants have filed a timely brief in opposition. There appears to be some dispute concerning the plaintiff's ability to pay for the photocopying costs of the documents in question. Even prisoners proceeding *in forma pauperis* are expected to pay for the incidental costs of their litigation should the balances in their prison accounts so allow. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3rd Cir.1982). Absent the plaintiff's showing that he cannot afford the costs, this court will not assess those costs on the Commonwealth.

The plaintiff made numerous discovery requests of the defendants. Some of the documentation was produced, some documents were not. For purposes of clarity, the court will address the unproduced requests *in seriatim*.

■ Request No. 1. Medical History Sheet. The defendants claim that this request is irrelevant because the plaintiff failed to repeat his assault claim in the amended complaint. Brandon, however, refers to the assault claim as if it had survived the amending process. It did not. The plaintiff's amended complaint superseded his original one, and therefore, the defendants correctly characterized the request as irrelevant. *Davenport v. Saint Mary Hospital*, 633 F.Supp. 1228, 1239 (E.D.Pa.1986); *see also* Moore, *Moore's Federal Practice* ¶ 15.08[7] (2d ed. 1985).

Request No. 2. All Documents on "Minimum Security Status (III R). The defendants claim that they had furnished the proper documentation. If the documents were not what the plaintiff had in mind, he should resubmit another more specific request.

■ Request No. 4. Employment records. Here, the defendants assert that "Commonwealth personnel records are to be kept confidential." District Courts throughout the country have rejected such broad prohibitions against discovery,[1] opting instead for a test of relevancy pursuant to Fed.R.Evid. 404(b). The plaintiff has specified that his request concerns the dates on which the defendants were hired, the dates and reasons for termination and educational training. He does not seek personal information that may jeopardize the defendants' safety. He does not seek the entire files on the defendants for his own perusal. Thus, the defendants are directed to provide the limited information stated above.

Request No. 7. Church Attendance Policy. The defendants have produced what the court feels is the logical equivalent of the plaintiff's request. If Brandon requires more specific data, he should request it from the defendants directly.

Request No. 8. Status of Inmates in "E–Block." The plaintiff has not demonstrated adequately the relevance of this request, and the court will not compel its discovery.

1. See *Clark v. Township of Falls*, 124 F.R.D. 91 (E.D.Pa.1988); *Hayden v. Maldonado*, 110 F.R.D. 157 (N.D.N.Y.1986); *Segura v. City of Reno*, 116 F.R.D. 42 (D.Nev.1987).

Request No. 9. Housing Records. As none of Brandon's claims arose during this period, the court deems it irrelevant and will not compel its discovery.

■ Requests No. 10, No. 11, No. 12. "Quarters Cards." Inmate evaluations are not confidential, *see King v. Conde*, 121 F.R.D. 180 (E.D.N.Y.1988), however, courts must delicately balance the interests involved in compelling discovery in this context. The defendants' fears of retaliation are not baseless and outweigh the slight probative value of the cards themselves. Thus, the court will not compel their discovery.

Request No. 13. Grievance Complaints Concerning Defendant Smith. Habit evidence is admissible at trial and the grievance complaints may be used to so demonstrate. The complaints are relevant and must be produced.

Request No. 14. All Documents Relating to Investigative Searches. The defendants claim to have no records of these documents. The court awaits an affidavit to that effect.

Request No. 15. All Documents Relating to the ICU Consent Decree. The plaintiff has not demonstrated adequately the relevance of this request, and the court will not compel its discovery.