# IN RE: PROVIDENT MUTUAL LIFE INSURANCE COMPANY MUTUAL HOLDING COMPANY LITIGATION.

### No. 98–CV–1695.[1]

United States District Court, E.D. Pennsylvania.

Feb. 17, 1999.

---

1. This is the assigned case number for five actions which were consolidated for all purposes by Pretrial Order No.1 entered on July 10, 1998: *Butler v. Provident Mutual Life Insurance Co.,* 98–CV–1695, *Shea v. Koken,* 98– CV–2410, *Smith v. Provident Mutual Life Insurance Co.,* 98–CV–3005, *Terry v. Koken,* 98–CV–3067 and *Rubenstein v. Provident Mutual Life Insurance Co.,* 98–CV–3190.

Donald B. Lewis, Cala Cynwyd, PA, for H. Butler.

Kenneth A. Jacobsen, Chimicles, Jacobsen & Tikellis, Haverford, PA, for M. Shea, P. Terry.

Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, for P. Smith.

Lisa J. Rodriguez, Trujillo, Rodriguez & Richards, Philadelphia, PA, Mark R. Rosen, Walter B. Ferst, Mesirov Gelman Jaffe Cramer, Philadelphia, PA, Laurence Z. Shiekman, Barbara T. Sicalides, Pepper Hamilton, LLP, Philadelphia, PA, for I. Rubensetin.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This consolidated civil action has been brought before the Court on Motions of Defendants Provident Mutual Insurance Company, Robert W. Kloss, Diane M. Koken, Commissioner of the Insurance Department of Pennsylvania and the Insurance Department of Pennsylvania to abstain and/or dismiss the action(s) against them. For the reasons which follow, the motions shall be granted.

### History of the Case

Plaintiffs, Hilary Butler, Duncan and Michelle Henderson, Jonathan and Doreen Oswaks, Mark Podlas, Douglas Prevost, Reverend Michael Shea, Phillip Hartley Smith, Reverend Paul Terry and Ira Rubenstein are members and policyholders of the Provident Mutual Insurance Company who brought this lawsuit "on behalf of themselves and others similarly situated." By these suits, Plaintiffs seek to have Provident Mutual's proposed plan of conversion from a mutual insurance company to a stock insurance company and Section 917–A(3) of the Pennsylvania Insurance Company Mutual–to–Stock Conversion Act, 40 P.S. §§ 911–A to 928–A ("the Act") declared unconstitutional. Plaintiffs also seek to enjoin the Insurance Commissioner from approving the proposed conversion and Provident Mutual from converting to a stock company. Essentially, plaintiffs assert that the proposed conversion and the provisions of the Act under which the Board of Directors of Provident Mutual are proceeding are unlawful and unconstitutional in that the conversion would operate and the Act would permit the taking of plaintiffs' property without just compensation and without first affording them due process of law because the Act effectively delegates the Commissioner's task of protecting the rights and interests of the class members to the management of Provident Mutual.

Defendants move to stay or dismiss this consolidated action arguing that: (1) The court should abstain from adjudicating this case under the doctrines of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); (2) Plaintiffs' claims are not ripe for disposition; (3) There is no state action to sustain the constitutional claims, there has been no violation of plaintiffs' rights to procedural due process, no impairment of plaintiffs' contract rights, no improper delegation of authority to the insurance commissioner and no conflict of interest.

### Standards for Fed.R.Civ.P. 12(b)(6) Motions

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), the Court must accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn after construing them in the light most favorable to the non-movant. *Pearson v. Miller*, 988 F.Supp. 848, 852

(M.D.Pa.1997)(*citing Jordan v. Fox, Rothschild, O'Brien, and Frankel, Inc.*, 20 F.3d 1250, 1261 (3rd Cir.1994)). Dismissal is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *Alexander v. Whitman*, 114 F.3d 1392, 1398 (3d Cir.1997).

### *Discussion*

Defendants first assert that this Court should abstain from adjudicating this matter (1) under *Pullman* because there are uncertain issues of state law underlying plaintiffs' constitutional claims which could be avoided or narrowed depending upon how the state statute governing the Provident conversion is interpreted; and (2) under *Burford* in deference to the Commonwealth's administrative procedures for approving plans of conversion.

■ Prior decisional law has long supported the general proposition that federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred. *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 358, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989). There are, however, some classes of cases in which the withholding of authorized relief because of undue interference with state proceedings is appropriate, but the courts have carefully defined the areas in which such "abstention" is permissible. *Id.*, 491 U.S. at 359, 109 S.Ct. 2506. Abstention thus remains the exception, not the rule. *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984).

In *Burford v. Sun Oil Co.*, *supra*, the plaintiffs sought to challenge the reasonableness of the Texas Railroad Commission's grant of an oil drilling permit under the Fourteenth Amendment. Noting that the constitutional challenge was of minimal federal importance in that the primary issue presented was whether the commission had properly applied Texas' complex oil and gas regulations, the Supreme Court concluded that "a sound respect for the independence of state action required the federal equity court to stay its hand." 319 U.S. at 334, 63 S.Ct. at 1107.

■ This decision, along with several others, (see, e.g. *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951)) was eventually distilled into the *"Burford"* doctrine. Under this principle of abstention, where timely and adequate state court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Public Service, Inc.*, 109 S.Ct. at 2514 citing *Colorado River Water Conservation, District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976).

■ The *Pullman* abstention doctrine is slightly different in that it may be invoked when a federal court is presented with both a federal constitutional issue and an unsettled issue of state law whose resolution might narrow or eliminate the federal constitutional question, thus avoiding needless friction with state policies. *Presbytery of New Jersey of the Orthodox Presbyterian Church v. Whitman*, 99 F.3d 101, 106 (3rd Cir.1996). In the absence of a showing that a definitive ruling in the state courts cannot be pursued with full protection of the constitutional claim, a district court should exercise its wise discretion by staying its hands. *Pullman*, 312 U.S. at 501, 61 S.Ct. at 645–646.[2]

**2.** Most recently, in *Arizonans for Official En-* *glish v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055,

Under federal jurisprudence, a district court must make three findings in order to justify the *Pullman* exception to the general rule that federal courts must hear cases properly brought within their jurisdiction. *Artway v. Attorney General of State of New Jersey*, 81 F.3d 1235, 1270 (3rd Cir.1996). Specifically, the Court must determine whether: (1) there are uncertain issues of state law underlying the federal constitutional claims brought in federal court; (2) there are state law issues amenable to a state court interpretation that would obviate the need for, or substantially narrow, the scope of adjudication of the constitutional claims; (3) a federal court's erroneous construction of state law would be disruptive of important state policies. *Chez Sez III Corp. v. Township of Union*, 945 F.2d 628, 631 (3rd Cir.1991). If all three factors are present, the federal court must then consider whether abstention is appropriate by weighing such factors as the availability of an adequate state remedy, the length of time the litigation has been pending and the impact of delay on the litigants. *Id.*, at 633; *Artway*, 81 F.3d at 1270.

Applying the preceding principles to the case at hand, we find abstention to be appropriate in this case for several reasons. For one, on November 6, 1998, the Pennsylvania Insurance Department approved Provident Mutual's plan of conversion and as is clear from the materials produced by defendants, that decision is now being reviewed by the Pennsylvania. Commonwealth Court in *Butler, et. al. v.*

*Insurance Department of Commonwealth of Pennsylvania,* Commonwealth Court No. 3258 C.D.1998. In addition, in January, 1999, the plaintiffs in this action instituted a suit nearly identical to this one and against the same defendants in the Philadelphia County Court of Common Pleas likewise seeking to have that court declare both Provident's plan of conversion and the Mutual–to–Stock Conversion Act unconstitutional and enjoining the proposed conversion. *See: Butler, et. al. v. Provident Mutual Life Insurance Co., et. al.,* Phila. C.C.P. No. 00780 January Term 1999. On February 11, 1999, the Philadelphia County Court of Common Pleas granted the plaintiffs' request for a preliminary injunction.

It is therefore clear that timely and adequate state court review of the issues presented in this federal action is available in both the Pennsylvania Commonwealth and the Philadelphia County Common Pleas Courts and that the exercise by this court of our jurisdiction here could very well be disruptive of these ongoing state court proceedings.

In addition, we can find no prior Pennsylvania cases in which the constitutionality of Pennsylvania's Mutual–to–Stock Conversion Act has been considered nor in which a proposed plan of conversion has been the subject of state court scrutiny. There are therefore a number of uncertain issues of state law which are amenable to interpretation by the Pennsylvania courts, which interpretation would likely obviate

137 L.Ed.2d 170 (1997), the Supreme Court reiterated that respect for the place of the States in our federal system dictates that when anticipatory relief is sought in federal court against a state-statute, the federal courts normally should not consider the constitutionality of the state statute in the absence of a controlling interpretation of its meaning and effect by the state courts. In so doing, the Court recognized the important role that a state's process for certifying such undecided issues directly to its highest court plays in satisfying the interests of comity and in avoiding the often protracted and expensive process necessitated where *Pullman* abstention is

invoked. *See: Arizonans* at 1073. Unfortunately for this Court, it does not appear as though Pennsylvania has such a certification process and it is for this reason that we must employ a *Pullman* analysis. (See, e.g.: 17A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4248); 197 *Judicial Administration Docket No.1* of the Pennsylvania Supreme Court (order entered *per curiam*, 10/28/98 that the Pennsylvania Supreme Court will accept certification petitions on a trial basis from 1/1/99 through 1/1/00 from the United States Supreme Court or any United States Court of Appeals).

the need for consideration and adjudication of the constitutional claims by this court. *See: Arizonans for Official English, supra.*

Moreover, while the specific policies and goals underlying Pennsylvania's Mutual–to–Stock Conversion Act do not appear from the face of the statute or from any accompanying notes, common sense dictates that the Commonwealth of Pennsylvania has an interest in ensuring that the interests of those of its individual citizens and members of its business community who interact with and/or participate in the mutual or stock insurance business are given sufficient information and are otherwise adequately protected from improper or unscrupulous insurance dealings and practices. Pennsylvania therefore has a legitimate · interest in regulating and in overseeing the operations of insurance companies organized under its laws and operating within its boundaries and to the extent that this Court were to render an erroneous or conflicting interpretation of the Mutual–to–Stock Conversion Act, such state policies could be disrupted.

■■ In light of the circumstances presented here, we therefore find it prudent to defer to the two Pennsylvania courts before which the issues of the Act's and the proposed conversion plan's constitutionality are also now pending.[3] For these reasons, the defendants' motion to abstain and dismiss shall be granted in accordance with the attached order.

---

**3.** Our holding is also consistent with a third principle of abstention first articulated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In that case, the Supreme Court found that even where none of the other abstention categories applied, federal courts ought to refuse to decide cases when considerations of "wise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817, 96 S.Ct. at 1246. While the Court recognized "the virtually unflagging obligation of the federal courts to

*ORDER*

AND NOW, this day of February, 1999, upon consideration of the Motions of Defendants Provident Mutual Insurance Company, Robert W. Kloss, Diane M. Koken, and the Insurance Department of Pennsylvania to Abstain and/or Dismiss the actions against them and Plaintiffs' Responses thereto, it is hereby ORDERED that the Motions are GRANTED, this Court shall ABSTAIN from exercising its jurisdiction in these matters in deference to the parallel pending proceedings in the Philadelphia Court of Common Pleas and the Commonwealth Court and these actions are therefore DISMISSED without prejudice for the reasons set forth in the preceding Memorandum Opinion.

---

exercise the jurisdiction given them which distinguishes cases of federal-state from wholly federal concurrent jurisdiction, it held that in certain limited circumstances, the same considerations of judicial administration justify abstention in the former as in the latter category of cases". *Levy v. Lewis,* 635 F.2d 960, 965 (2nd Cir.1980). Under this *Colorado River* doctrine then, abstention may be appropriate in federal cases which are duplicative of a pending state proceeding. *Quackenbush v. Allstate Insurance Company,* 517 U.S. 706, 717, 116 S.Ct. 1712, 1721, 135 L.Ed.2d 1 (1996).