OPINION
McKEE, Circuit Judge.
Wilbert Williams appeals the district court’s dismissal of his complaint pursuant to the abstention principles articulated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. Williams filed the complaint against the Virgin Islands Board of Medical Examiners and three of its members (hereinafter the “Board”), after the Board suspended his license to practice medicine. For the reasons that follow, we will affirm the district court’s decision to abstain pursuant to Younger.[1]
I.
Because we write primarily for the parties who are familiar with the underlying facts and procedural history, we need not recite either here.
“Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue.” Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Commission, 791 F.2d 1111, 1114 (3d Cir.1986) (citation omitted). The doctrine is rooted in concerns for the maintenance of the federal system and “represents an extraordinary and narrow exception to the ‘virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.’ ” Id. (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Consequently, abstention is justified “only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.” Id. (citation omitted). In other words, “[ajbstention from the exercise of federal jurisdiction is appropriate only under certain limited circumstances.” Chez Sez III Corp. v. Township of Union, 945 F.2d 628, 630 (3d Cir.1991) (citation omitted). Those circumstances “are loosely gathered under discrete concepts of abstention named after leading Supreme Court cases,” Chiropractic America v. Lavecchia, 180 F.3d 99, 103 *299 (3d Cir.1999), viz., “Pullman” (Railroad Comm’n of Texas v. Pullman, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)), “Burford” (Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)), “Younger” (Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)), and “Colorado River” (Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). As we have noted, this appeal involves Younger abstention.
In Younger, the district court enjoined the Los Angeles County District Attorney from prosecuting the defendant under a eonstitutionally-suspect state statute. The Supreme Court reversed, finding the injunction “a violation of the national policy forbidding federal courts [from] staying] or enjoin[ing] pending state court proceedings except under special circumstances.” Younger, 401 U.S. at 41, 91 S.Ct. 746. “Although Younger involved a state court criminal proceeding, the national policy against enjoining pending state court proceedings has since been extended to noncriminal proceedings,” including administrative proceedings. Zahl v. Harper, 282 F.3d 204, 208 (3d Cir.2002) (citations omitted). The Supreme Court has set out a three-part test for determining whether Younger abstention is appropriate. “Abstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges.” Id. at 209 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass’n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). However, even if the Younger test is met, abstention is not appropriate in all circumstances. A federal court may interfere with a state proceeding “in certain exceptional circumstances — where irreparable injury is ‘both great and immediate,’ where the state law is ‘flagrantly and patently violative of express constitutional prohibitions,’ or where there is a showing of ‘bad faith, harassment, or ... other unusual circumstances that would call for equitable relief.’ ” Mitchum v. Foster, 407 U.S. 225, 230, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (quoting Younger, 401 U.S. at 46-54, 91 S.Ct. 746).
II.
In holding that the Younger test was met, the district court found: (1) that the Board’s proceedings are ongoing and judicial in nature; (2) that the Board has a “significant interest ... in regulating the practice of medicine with an eye toward improving the public health;” and (3) that Williams has an adequate opportunity to raise his constitutional claims because he can assert his due process claims during the territorial forum’s review of the Board’s decision. 2008 WL 5142181 at *3-5. The district court also rejected William’s contention that abstention is not appropriate under the Younger bad faith and extraordinary circumstances exceptions. Id. at *5-10.
In his appeal, Williams does not challenge the district court’s holding that the Younger test was met. Instead, he contends that there are extraordinary circumstances present in his case that make abstention inappropriate. The extraordinary circumstances exception is part of the Younger “bad faith, harassment or any other unusual circumstance that would call for equitable relief’ exception. Diamond “D” Construction Corp. v. McGowan, 282 F.3d 191, 201 (2nd Cir.2002). In Kugler v. Helfant, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), the Supreme Court explained the extraordinary circumstances exception:
Only if “extraordinary circumstances” render the state court incapable of fairly and fully adjudicating the federal issues *300 before it, can there be any relaxation of the deference to be afforded to the state criminal process. The very nature of “extraordinary circumstances,” of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. But whatever else is required, such circumstances must be “extraordinary” in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.
Id. at 124-25, 95 S.Ct. 1524 (footnote omitted). Although Kugler spoke in the context of criminal prosecutions, the same standard applies in the civil context. Moore v. Sims, 442 U.S. 415, 433, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).
As the Second Circuit noted in Diamond “D”, the Supreme Court has found extraordinary circumstances present on only two occasions: (1) “when a state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it”; and (2) “when the state administrative agency was incompetent by reason of bias to adjudicate the issues pending before it.” 282 F.3d at 201 (citations and internal quotations omitted).
Williams contends that abstention is inappropriate because of the Board’s bias against him. “Bias exists where a court has prejudged, or reasonably appears to have prejudged, an issue.” Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir.1992) (citation omitted). “[T]he baseline showing of bias necessary to trigger Younger’s escape mechanism requires the plaintiff to offer some evidence that abstention will jeopardize his due process right to an impartial adjudication.” Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 640 (1st Cir.1996) (citations omitted). “To implicate due process, claims of general institutional bias must be harnessed to a further showing, such as a potential conflict of interest, or a pecuniary stake in the outcome of the litigation.” Id.
To support his claim of bias, Williams contended in the district court that he was in direct competition with Michelle Dizon, a medical doctor and a member of the Board during the disciplinary proceedings against him. He further contended that the Board overlooked or ignored that conflict and permitted Dizon to participate in those proceedings. However, the district court rejected Williams’ contentions. It found that “Williams has presented little, if any, persuasive evidence that Dizon and he are in competition with each other or that Dizon has even a slight pecuniary interest in the outcome of the Board’s proceedings against Williams.” 2008 WL 5142181 at *9. Upon our review of the record, we agree with the district court that Williams did not present any persuasive evidence of bias on the part of the Board. Accordingly, his bias claim is without merit.[2]
Williams also argues that the Board waived its right to assert any Younger abstention because the Board stipulated to a permanent injunction on July 22, 2005, enjoining the Board from enforcing *301 its June 17, 2005, suspension of Williams’ license. However, Williams offers absolutely no authority for this waiver argument. He does cite to Herz v. Degnan, 648 F.2d 201, 209-210 (3d Cir.1981), which he claims stands for the proposition that “Younger issues raised after substantial litigation had taken place in the district court should not deprive a plaintiff of his or her chosen forum.” Williams’ Br. at 24. While we do not agree with Williams’ characterization of our holding in Herz, we note that Herz has nothing to do with the waiver of a party’s ability to raise a Younger abstention issue. Rather, in Herz, we simply affirmed the district court’s decision to not abstain under Younger under the facts of that case.
III.
For all of the above reasons, we will affirm the district court.

. "In reviewing the district court’s abstention, the underlying legal questions are subject to plenary review, but the decision to abstain is reviewed for an abuse of discretion.” Grode v. Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953, 957 (3d Cir.1993) (citation omitted).

. In his brief, Williams argues that the district abused its discretion by not making any findings regarding all of his other claims of the Board’s bias. William’s Br. at 38-43. However, those issues were raised by Williams in his claim in the district court that the Board acted in bad faith and, therefore, abstention was not appropriate tinder the bad faith exception to Younger. As noted, the district court rejected Williams’ contention that it should not abstain under the bad faith exception to Younger. Williams does not challenge the district court's holding on the bad faith exception in his appeal.